IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 14-CR-30045-MJR |
| vs. | ) | |
| | ) | |
| GLENN P. LOWERS, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The attorney for the Government and the attorney for the Defendant have engaged in

discussions and have reached an agreement pursuant to Federal Rule of Criminal Procedure 11.

As a result of the Plea Agreement, the Defendant intends to plead guilty in this case.

### I.

1.   By pleading guilty, the Defendant fully understands that Defendant is waiving the

following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a

public and speedy trial; the right to file pretrial motions, including motions to suppress or

exclude evidence; the right at such trial to a presumption of innocence; the right to require the

Government to prove the elements of the offenses charged against the Defendant beyond a

reasonable doubt; the right not to testify; the right not to present any evidence; the right to be

protected from compelled self-incrimination; the right at trial to confront and cross-examine

adverse witnesses; the right to testify and present evidence; and the right to compel the

attendance of witnesses.

2. The Defendant fully understands that the Defendant has the right to be represented by

counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of

the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

3. The Defendant agrees that all agreements between the parties are written and that no oral promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts.

4. It is further understood that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. It is further understood that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

5. Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count. Defendant agrees that the full amount of the special assessment will be paid prior to or at the time of sentencing.

6. Defendant understands that the Court will impose a term of "supervised release" to follow incarceration. *See* 18 U.S.C. § 3583; U.S.S.G. § 5D1.1.

7. Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts pertaining to the fiscal year 2012, are, for imprisonment: $2,412.33 per month; for community confinement: $2,244.17 per month; and for supervision: $278.95 per month. The Defendant will cooperate fully with the United States Probation Office in its collection of

2

information and preparation of the Presentence Report. Said cooperation will include signing all releases, as requested. The Defendant agrees that any Probation Officer may share any and all financial information with the United States Attorney's Office and the Defendant waives any rights Defendant may have under the Right to Financial Privacy Act. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney's Office, a Financial Statement (OMB-500).

8.    Defendant understands that Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), Defendant will be forbidden by federal firearms laws from possessing any type of firearm in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

9.    If convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

10.    The Defendant understands and agrees that if Defendant commits any offense in violation of federal, state, or local law, or violates any condition of release, or violates any term or condition of the Plea Agreement, the Government is not bound by the provisions herein and may request that the Court impose on the Defendant any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw the plea of guilty.

11.  The Defendant has read the Plea Agreement and has discussed it with defense counsel, understands it, and agrees to be bound by it.

## II.

1. The Defendant will enter a plea of guilty to Count 1 of the indictment, which charges a violation of the following statutes, which carries the following penalties:

| Count | Statute | Charge | Statutory Penalty |
|---|---|---|---|
| 1 | U.S.C. 21 § 841(a)(1) and (b)(1)(C) | Distribution of Heroin | NMT 20 yrs.; NMT $1,000,000 fine; NLT 3 yrs. SR; $100 SA. |
| 2 | U.S.C. 21 § 841(a)(1) and (b)(1)(C) | Possession With Intent to Distribute Heroin | The Government has agreed to move to dismiss Count 2, at the time Defendant pleads guilty to Count 1. |

2. The Government and the Defendant agree that the following constitute the essential elements of the offense, and Defendant admits that Defendant's conduct violated these essential elements of the offense:

| Count | Statute | Charge | Elements |
|---|---|---|---|
| 1 | U.S.C. 21 § 841(a)(1) and (b)(1)(C) | Distribution of Heroin | 1. Defendant knowingly distributed heroin; and 2. Defendant knew that the substance he distributed was a controlled substance. |

3. The Government and Defendant submit that under the Sentencing Guidelines, after all factors have been considered, including a 3-level reduction for acceptance of responsibility, Defendant will have an Offense Level of 35, a Criminal History Category of I, a sentencing range of 168-210 months , and a fine range of $20,000 to $200,000 . The Government and Defendant agree that these calculations of Offense Level and Criminal History are not binding on the Court, and that the Court ultimately will determine the Guideline range after receiving the Presentence Report and giving both parties the opportunity to comment

thereon. The Defendant expressly recognizes that, regardless of the Guideline range found or the sentence imposed by the Court, Defendant will not be permitted to withdraw Defendant's plea of guilty. The Government agrees to recommend a sentence and fine at the low end of the range ultimately found by the Court. The Government and the Defendant reserve the right to address the sentencing factors set forth in 18 U.S.C. § 3553(a), but agree not to seek a sentence outside the applicable Guideline range. The agreement by the parties not to seek a variance from the Guidelines, except as noted, is not binding upon the Court or the United States Probation Office, and the Court may impose any sentence authorized by law.

As part of the plea agreement in this case, the Government has agreed to move to dismiss Count 2 at the time Defendant enters his guilty plea on Count 1.

The Government specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the Defendant and the Government). The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the criminal history and characteristics of the Defendant.

4.      Defendant and the Government agree that the Base Offense Level in this case is 38 pursuant to U.S.S.G. § 2D1.1(a)(2). The base offense level will be 38 because "the offense of conviction establishes that death ... resulted from the use of the substance," quoting from GL § 2D1.1(a)(2). Defendant does not dispute that "death resulted" from the use of the heroin which

5

Defendant sold. The Defendant and the Government agree that no specific offense characteristics apply to the Defendant.

5.      Defendant and the Government agree that no victim-related adjustments apply to this offense. *See* U.S.S.G. § 3.A.

6.      Defendant and the Government agree that his role in the offense was such that his offense level should be neither increased (under 3B1.1) nor decreased (under 3B1.2).

7.      Defendant and the Government agree that Defendant has not obstructed justice in this case and therefore, pursuant to U.S.S.G. § 3C1.1, the Defendant's base offense level should not be increased.

8.      Defendant and the Government agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the Government will recommend a reduction of 3 Levels, reducing the Offense Level from 38 to Offense Level 35. See U.S.S.G. § 3E1.1. A reduction for acceptance of responsibility is dependent on the Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying relevant conduct or committing any acts constituting obstruction of justice.

9.      Defendant and the Government submit that it appears that Defendant has amassed 1 Criminal History points and that, therefore, his Sentencing Guideline Criminal History Category is I. The Defendant and the Government arrived at this Category based upon the following information:

6

| DATE | OFFENSE & CASE NO. | DISPOSITION | GUIDELINE | SCORE |
|------|--------------------|-------------|-----------|-------|
| 2/18/14 | Theft Greater Than $10,000 (felony); Madison County, IL Circuit Court Case Number 13-CF-1744 | 2 years' probation | § 4A1.1(c) | 1 |
| | | | Total Points=1 Criminal History Category=I | |

Defendant expressly recognizes that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties, and any evidence submitted before sentencing. Defendant recognizes that, regardless of the criminal history found by the Court, Defendant will not be able to withdraw the plea of guilty.

10.     The Defendant understands that the Government will recommend the imposition of a fine. The Defendant understands that the Government's recommendation may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

11.     The Defendant acknowledges that Title 18, United States Code, Section 3143(a)(2) requires that upon the Court's acceptance of a plea of guilty in this case, the Court must order the Defendant detained pending sentencing, in the absence of exceptional circumstances as set forth in Title 18, United States Code, Section 3145(c). The Defendant and Government agree that there are no exceptional circumstances that would justify the Defendant's release pending sentencing.

### III.

1.     The Defendant understands that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised the right to trial. The Defendant is fully satisfied with the representation received from defense counsel. The Defendant acknowledges that the Government has provided complete discovery compliance in

this case. The Defendant has reviewed the Government's evidence and has discussed the Government's case, possible defenses and defense witnesses with defense counsel.

2. The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government.

3. Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders the defendant actually innocent of the charges covered herein; and 2) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

4. Defendant's waiver of his appeal and collateral review rights shall not affect the Government's right to appeal Defendant's sentence pursuant to Title 18, United States Code,

Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

5.      Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6.      Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## IV.

**Immigration Consequences**.    The Defendant and the Government believe that Defendant is a U.S. citizen. If he is not a U.S. citizen, however, then Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including Defendant's attorney or the district court, can predict to a certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that the plea may entail, even if the consequence is Defendant's automatic removal from the United States.

Defendant acknowledges that Defendant has adequate opportunity to discuss the potential consequences of Defendant's plea with defense counsel.

**V.**

No matters are in dispute.

STEPHEN R. WIGGINTON
United States Attorney

_____
GLENN P. LOWERS
Defendant

_____
ROBERT L. GARRISON
Assistant United States Attorney

_____
DANIEL G. CRONIN
Assistant Federal Public Defender

Date: __11/13/14__

Date: __11/13/14__